

**SIGNED THIS 29th day of August, 2018**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

In re:

Katherine Michele Marcellus                          Case No. 17-60419-RBC
Gregory Eugene Marcellus

    Debtors.                                        Chapter 13


Wollemi Acquisitions, LLC,

    Plaintiff,

v.

Gregory Eugene Marcellus
and
Herbert L. Beskin, Trustee,

    Defendants.

### **CONSENT ORDER MODIFYING AUTOMATIC STAY**

This cause came upon Plaintiff's Motion for Relief from Stay to proceed against the following described collateral securing its loan to Debtor Gregory Eugene Marcellus: a 2013 Toyota Prius, VIN JTDKN3DU0D1682578.

**UPON CONSIDERATION WHEREOF**, it appearing (1) that Debtor is in default in the making of the October 14, 2017 through July 14, 2018 post petition payments due Plaintiff, which payment arrearages, together with attorney's fees ($350.00) and costs ($181.00), result in post petition arrearages totaling $4,855.50, (2) that Debtors consents to the entry of this Order, and for other good cause shown, it is

**ADJUDGED and ORDERED** the automatic stay shall continue in effect subject the following conditions:

1.    Debtor shall cure the post petition arrearage due Movant by making the payments required by the Modified Chapter 13 plan filed on August 23, 2018.

2.    The parties hereby agree, and the Court hereby Orders that, the amount of post petition arrears are determined to be $4,855.50 for the time period of October 14, 2017 through July 14, 2018. If this post petition arrearage is provided for in a confirmed plan: (i) this determination of its amount shall be considered sufficient for the Trustee to pay this amount without the need for the Movant to file a supplemental or new claim; (ii) the Trustee shall make payments on this post-petition claim to the same address on the Movant's already filed claim, and (iii) if a supplemental or new claim for post-petition arrears is filed by the Movant with a different amount or address than that set forth above, it shall supersede this information and the Trustee shall adjust payments on this claim accordingly, with rights reserved to all parties to object for good cause shown.

3.    Debtor shall resume the regular payments with that due August 14, 2018.  Debtor shall make all future regular monthly payments, beginning with the payment due August 14, 2018, by means of an automatic payment to be made from the Debtor's bank or by a separate automatic wage deduction Order to be issued to the Debtor's place of employment.  The creditor shall have no responsibility to assist the Debtor in implementing this automatic payment, or in enforcing this obligation of the

Debtor. In the event that the Debtor fails to implement this automatic payment, the Court may require the Debtor to make all future payments through the Trustee in a modified plan.

4. In the event that Debtor fails to make payments as required by paragraph 3 hereof, then Plaintiff may serve a Notice of Default on Debtors, Debtors' counsel, the Trustee, and the Court, and if Debtor fails to cure the default or request a hearing within 15 days after the date of service of such Notice, then Plaintiff may submit a separate Order granting the requested relief, which Order shall be entered without further hearing.

5. Upon entry of an Order granting relief from the automatic stay of 11 U.S.C. §362, the Trustee will immediately cease making any payments on Plaintiff's secured claim which were required by the plan. Any amended unsecured claim for a deficiency must be filed by Plaintiff within 180 days from the date on which the Order lifting stay is entered, or such claim shall be forever barred. Any filed deficiency claim must include an accounting showing how the deficiency was calculated.

6. If relief from the automatic stay becomes effective under the terms of this Order, such relief shall be binding and effective despite any conversion of this bankruptcy case to a case under any other Chapter of Title 11 of the United States Code.

**END OF ORDER**

I ask for this:

 /s/ Sara A. John      p.q.
Sara A. John, VSB #48425
M. Richard Epps, P.C.
Counsel for Plaintiff

Seen and agreed:

/s/ Jeremy Calvin Huang
Jeremy Calvin Huang
Counsel for Debtors

Seen:

/s/ Herbert L. Beskin, by Sara A. John, with express authority
Herbert L. Beskin
Chapter 13 Trustee